UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

JOSEPH MOLINA-FLYNN,
Defendant.

Cr. No. ___1:26-cr-00055JJM-PAS

In violation of 18 U.S.C. § 1343 and 26 U.S.C. § 7201

## INFORMATION

The United States of America charges that:

## COUNT ONE

At all times relevant to this Information, unless herein stated:

1.      Defendant JOSEPH MOLINA-FLYNN ("MOLINA") was a lawyer licensed and practicing in the State of Rhode Island and the Commonwealth of Massachusetts. MOLINA operated as a sole proprietor specializing in immigration, criminal, and family law cases. MOLINA maintained offices in Providence, RI and Boston, MA.

2.      As an immigration lawyer practicing in Rhode Island, MOLINA's duties routinely included the following, among others: (1) consult with clients on immigration options, (2) prepare and submit forms, fees, and other documents in connection with clients' applications for immigration benefits, (3) correspond and communicate with government agencies, (4) prepare for and attend interviews with government agencies, (5) represent clients in immigration court, and (6) file appeals and submit waivers when benefits are denied.

3.      MOLINA was required to follow the Rules of Professional Conduct of the Rhode Island Supreme Court and the Rules of Professional Conduct for Practitioners before the Department of Homeland Security and Executive Office of Immigration Review.

4.      MOLINA charged immigration clients an hourly rate of $350 per hour but often represented clients under a flat fee arrangement with fees typically ranging between $3,000 and $8,000 depending upon the scope of representation.

5.      In addition to his law practice, MOLINA was also employed as an adjunct professor at the Roger Williams University School of Law and a Municipal Court Judge in the City of Central Falls.

6.      Between 2019 and 2023, MOLINA maintained Interest on Lawyers' Trust Accounts ("IOLTA") and business operating accounts at BankRI (now Beacon Bank) and Rockland Trust Bank. These accounts were held in the name of MOLINA FLYNN LAW OFFICES ("MFLO"). MOLINA used these accounts to deposit fees collected from clients, to pay business expenses associated with his law practice, and to pay personal expenses, including expenses associated with his credit cards, his mortgage, and his car payments.

7.      Since starting his law practice in 2015, MOLINA has failed to file tax returns or pay federal income or payroll taxes.

## COUNT 1
(Wire Fraud)

8.      The allegations of paragraphs 1 – 7 are realleged and incorporated herein

2

as if set out in full herein.

## Scheme and Artifice to Defraud

9.      From at least as early as in or about January 2019, and continuing until in or about December 2023, in the District of Rhode Island and elsewhere, MOLINA knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property from his immigration clients by means of false and fraudulent pretenses, representations, and promises.

## Object of the Scheme to Defraud

10.      The object of the scheme to defraud was for MOLINA to defraud and unlawfully obtain funds from his immigration clients by misrepresenting the services he had and would provide, collecting fees from those clients for representation and services that he did not provide, and concealing the scheme from his clients and Disciplinary Counsel.

## Manner and Means of the Scheme to Defraud

11.      MOLINA falsely represented to immigration clients the services that he would perform on their behalf and the expenses associated with the filing and processing of their immigration documents.

12.      MOLINA collected money from clients for immigration services he did not provide. MOLINA collected filing fees from clients for immigration documents that he did not file. Over the years, he misappropriated at least $98,000 in client funds.

13.      MOLINA used the fraudulently obtained funds to run his law practice and pay personal expenses.

3

14.     MOLINA provided false information to his clients regarding the services performed and the status of their cases.

15.     MOLINA concealed his scheme by lulling his clients with false excuses with respect to the status of their immigration cases and providing false statements and documents to Disciplinary Counsel.

### Execution of the Scheme to Defraud

16.     On or about September 23, 2021, in the District of Rhode Island, the defendant, JOSEPH MOLINA-FLYNN, did knowingly and willfully, for the purpose of executing the scheme and artifice to defraud described above, cause to be transmitted in interstate and foreign commerce writings, signs, signals and sounds, according to directions thereon, that is, a $5,000 electronic payment from the credit card of Victim Client #1 in Rhode Island to MOLINA's IOLTA at Rockland Trust in Massachusetts.

17.     This payment was for services for Victim Client #1 related to cancellation of a removal order, application for asylum, and obtaining a work permit. MOLINA transferred Victim Client #1's payment to his operating account at BankRI on October 1, 2021, but never performed any of the agreed upon services. Victim Client #1 lost her work permit and her job.

All in violation of 18 U.S.C. § 1343.

### COUNT 2
(Tax Evasion)

18.     The allegations in paragraphs 1 - 8 are realleged and incorporated herein as if set out in full herein.

19.     During the calendar year 2021, defendant JOSEPH MOLINA-FLYNN received taxable income, upon which there was a tax due and owing to the United States of America.  Knowing the foregoing facts, defendant JOSEPH MOLINA-FLYNN neither made an income tax return on or before April 15, 2022, as required by law, to the Internal Revenue Service, nor paid the income tax to the Internal Revenue Service, from in or about January 1, 2021 and in or about April 15, 2022, in the District of Rhode Island, the defendant, JOSEPH MOLINA-FLYNN, a resident of Rhode Island, did willfully attempt to evade and defeat federal income taxes due and owing for the calendar year 2021, by committing the following affirmative acts, among others, in an attempt to conceal his true and correct income from all proper offices of the United States:

a.  In 2021, MOLINA concealed the existence of income from MFLO by using the company's operating accounts to pay personal expenses including over $190,000 to American Express and over $8,000 in luxury vehicle payments,

b.  In 2021, MOLINA concealed the existence of payroll tax obligations by failing to provide employees with W-2 forms for wages paid, and failure to file payroll tax returns with the Internal Revenue Service even after multiple employees had complained about not receiving a form W-2,

c.  In 2021, MOLINA worked as an adjunct professor at Roger Williams University. MOLINA received a W-2 from showing $0 in federal tax withholdings. MOLINA failed to report the wages earned on his form 1040 for calendar year 2021,

5

d.  In 2021, MOLINA worked as a municipal court judge in Central Falls, RI, earning $14,000. MOLINA received a form 1099 for the $14,000 earned and failed to report the income on his form 1040 for calendar year 2021.

e.  In 2021, MOLINA wrote 19 checks to himself from MFLO's operating accounts in a total amount of $128,000. The memo line on these checks was left blank and did not otherwise reveal that the checks were wage income to MOLINA. MOLINA deposited these checks into his personal account.

All in violation of 26 U.S.C. § 7201.

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant United States Attorney

_____
SANDRA R. HEBERT
Assistant U.S. Attorney

_____          Date: ___6/12/2026___
JOHN P. MCADAMS
Assistant U.S. Attorney
Deputy Criminal Division Chief